WILLIAM BOLDT, PLAINTIFF-APPELLANT, v. THE PRU-
DENTIAL INSURANCE COMPANY OF AMERICA, A
CORPORATION OF THE STATE OF NEW JERSEY, DE-
FENDANT-RESPONDENT.

Argued October 2, 1940—Decided October 18, 1940.

Before Justices BODINE and PORTER.

For the plaintiff-appellant, *Theodore Schwartz* and *Nathan Baker*.

For the defendant-respondent, *Drewen & Nugent* (*John Drewen* and *John Nugent*).

BODINE, J.   The plaintiff sought to recover moneys claimed to be due upon a policy insuring the life of his wife for his benefit.   The learned trial judge gave judgment for the defendant.

The policy provided so far as pertinent: "The disability benefits hereinafter specified will be granted by the Company if the Insured shall become totally and permanently disabled, from bodily injury or disease, to such an extent as to be incapacitated from engaging in any occupation for remuneration or profit, *provided,* * * * (b)—that the Company shall have received due proof that total disability exists and that such total disability is permanent, which shall be deemed to be the case if the Company shall have received due proof that such total disability has existed continuously during a period of not less than six months immediately preceding

receipt by the Company of said proof. Disability Benefits: (1) Waiver of premiums—The Company will waive the payment of any premium or premiums the due date of which, as specified in the Policy, shall occur after the commencement of such total continuous disability but in no event before a date more than one year prior to the date of receipt by the Company of said notice of disability." No premium was paid for October, 1938, or subsequent months.

The trial judge found that notwithstanding the insured's disability the circumstance was not reported to the company in the manner provided by law. Although the beneficiary testified that he had sent written notice by mail on forms provided by the company, the trial judge did not believe him, and we think properly.

In October of 1938, the insured sought to reinstate the policy and borrowed against the same in order to pay the August and September, 1938, premiums. In her applications for reinstatement of the policy in October, 1938, and again in January, 1939, she declared herself to be in a good state of health. The January application for revival was rejected and the premiums were returned. Certainly, the trier of the facts might well conclude that there was no proper notice of permanent disability given to the company in October of 1938, when the insured at that time and somewhat later was seeking to revive the lapsed policy on the theory that she was then in good health. There was legal evidence to justify the findings by the court. *Sansone* v. *Selvaggi,* 121 *N. J. L.* 274.

If the insured was in poor health her application should have been for a waiver of premiums under the terms of the policy. This the trial court found she did not request in proper form. This, as trier of the fact, he could well do. We cannot substitute a finding inconsistent with the record.

The judgment is affirmed.